# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | COMPLAINT |
| DOLGENCORP, LLC, d/b/a ) | JURY TRIAL DEMAND |
| DOLLAR GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Terri T. Mosley ("Mosley"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Dolgencorp, LLC, d/b/a Dollar General ("Dollar General") denied Mosley employment because of her disability and subjected her to unlawful retaliation after she filed an internal complaint of disability discrimination, both in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dollar General, has been a Kentucky corporation, doing business in the State of Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Dollar General, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mosley filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

7. On June 7, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 27, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

10. Since at least September 2015, Defendant has engaged in unlawful employment practices at or near its Portal, Georgia retail location, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b).

11. Mosley is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Mosley has an impairment, brachial plexus injury, that substantially limits her in major life activities, including the operation of the neurological and musculoskeletal systems.

12. Mosley was diagnosed with the impairment after suffering injuries to her left arm in a car accident that occurred in 2013. Due to her condition, Mosley wears her left arm in a sling.

13. Defendant regarded Mosley as having a disability when it refused to interview or hire her for the sales associate position because of an actual or perceived impairment.

14. Mosley applied for a position as a sales associate at Defendant's Portal, Georgia retail store location by submitting an on-line application on or about September 7, 2015. Mosley was also a frequent customer at the Portal store location.

15. On or about September 8, 2015, the store manager contacted Mosley at the telephone number listed on her application and left a message that she wanted to interview Mosley for the position.

16. The following day, on or about September 9, 2015, Mosley arrived at the store for her interview at approximately 7:55 a.m. The store was closed so Mosley knocked on the door. As Mosley was knocking, the store manager arrived to open the store.

17. Mosley told the store manager that she was there for her interview. Upon seeing Mosley, the store manager stated, "I didn't know that was *you* (emphasis added). You can't work here with that arm."

18. The store manager continued, telling Mosley that her arm was "a liability" and that if something happened, she would be blamed.

19. As Mosley walked away weeping, the store manager told Mosley to come back at 9:00 a.m. after she talked with the district manager about the situation.

20. However, when Mosley returned to the store at 9:00 a.m., the store manager told her that she had not spoken with the district manager. Thereafter, the store manager never called Mosley for an interview.

21. After arriving home, Mosley contacted Defendant's Human Resources Department on the hotline number listed on its website and reported the discriminatory comments and behavior of the store manager.

22. Defendant's district manager eventually contacted Mosley about her complaint. The district manager told Mosley that her complaint would be investigated, but Mosley was never contacted again by Defendant about her complaint or application.

23. At the time, Mosley was denied an interview by Defendant, she was capable of performing the job in question competently and safely, with or without reasonable accommodation, despite her impairment.

24. Mosley was unlawfully denied an employment opportunity by Defendant because of her disability and/or because she was regarded as a person with a disability due to her impairment.

25. Mosley was unlawfully denied an employment opportunity by Defendant because she engaged in protected activity and filed an internal complaint of disability discrimination with Defendant.

26. The effects of the practices complained of above have been to deprive Mosley of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Mosley.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to any individual based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to safely perform the job, from retaliating against any individual for reporting discrimination complaints to Dollar General, or engaging in any other employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant to make Mosley whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement;

D.   Order Defendant to make Mosley whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.   Order Defendant to make Mosley whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.   Order Defendant to pay Mosley punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


s/ James W. Allen
Senior Trial Attorney
Georgia Bar No. 016075
james.allen@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, Georgia 31406-2579
(912) 920-4486  phone
(912) 920-4484  facsimile

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
DOLGENCORP, LLC D/B/A DOLLAR GENERAL

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James W. Allen, Senior Trial Attorney, Equal Employment Opportunity Commission - Savannah Local Office, 7391 Hodgson Memorial Drive, Suite 200, Savannah, GA 31406-2579, (912) 920-4486

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title I of the Americans With Disabilities Act and Title I of the Civil Rights Act of 1991.
Brief description of cause:
Discrimination on the basis of a disability.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/21/2017
SIGNATURE OF ATTORNEY OF RECORD
James W. Allen, Senior Trial Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____