IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, and <br><br> TERRI MOSLEY, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> DOLGENCORP, LLC, d/b/a DOLLAR GENERAL, <br><br> Defendant. | CIVIL ACTION NO. <br> 6:17-cv-00100-JRH-GRS |

## PROPOSED CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) (hereinafter, the "ADA"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Dolgencorp, LLC, d/b/a Dollar General ("Defendant"), discriminated against Terri Mosley ("Mosley") by failing to hire her because of her disability. Terri Mosley intervened as a plaintiff in the case.

Defendant denies any violations of the ADA. This Decree does not constitute an admission of wrongdoing or adjudication on the merits of the Commission's case or Mosley's case. It shall not be construed as a waiver by the Commission of any contentions of discrimination or retaliation other than those raised by Mosley in the charge of discrimination on which the Commission based its claims in this action.

The Commission, Mosley, and Defendant (the "parties") have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The Court has examined this Decree and finds that it is reasonable and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein,

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. This Decree resolves all matters in controversy between the parties as alleged in the Complaint filed by the Commission in this ADA action.

2. During the term of this Consent Decree, Defendant is enjoined to prohibit unlawful discrimination in violation of the Americans With Disabilities Act against qualified individuals with disabilities who seek employment within the Covered Facilities, including by denying employment to a qualified job applicant because of disability discrimination. For purposes of this Decree, "Covered Facilities" shall mean Defendant's Store Number 1289 in Portal, Georgia and those stores within District Number 641 as of entry of this Decree. A list of the Covered Facilities is attached hereto as Exhibit A.

3. Defendant has by separate written agreement agreed to pay Terri Mosley the gross sum of seventy thousand dollars ($70,000.00) dollars in settlement of the claims raised in this action.

4.      Defendant has in place a policy that prohibits discrimination on the basis of disability that it shall maintain throughout the term of this decree. A representative copy of the policy is contained within Exhibit B hereto.

5.      Beginning within 30 days after the entry of this Consent Decree by the Court, Defendant shall provide notice of its policy against disability discrimination within the Covered Facilities, including by posting its prohibition on disability discrimination and retaliation in a conspicuous location where Defendant customarily posts notices to employees, by posting a toll-free number for questions and/or complaints of disability discrimination, and by distributing its policy against discrimination and retaliation within its employee handbook to new and existing employees. If a required posting in a Covered Facility becomes defaced or unreadable, Defendant shall replace it by posting another copy. Within 45 days after the Consent Decree is entered by the Court, Defendant will notify the Commission that the required postings have been made.

6.      During the term of this Consent Decree, Defendant shall provide annual anti-discrimination and harassment training to the following individuals: (a) all employees actively employed at the time of the training (for the first training only) and the Store Manager in Store Number 1289 in Portal, Georgia; (b) the District Manager, Regional Manager and Field Human Resources Manager whose respective assignment areas encompass Store No. 1289; (c) District Manager, Alicia Dixon, of District No. 641; and (d) the Store Managers of the Covered Facilities. The training shall include an explanation of the Americans With Disabilities Act, the prohibition on discrimination and retaliation, an explanation of the rights and responsibilities of employees and managers, and the process to report complaints of discrimination or retaliation. Defendant may utilize and deploy computer-based learning modules to effectuate the training referenced in this paragraph. Defendant will track and record employee completion of the training.

7.     The first training program described above shall be completed within 100 days after entry of this Consent Decree by the Court. Those individuals, if any, who have received training such as that described in the six month period prior to entry of this decree will be deemed to have completed the first training required by this decree. As described in Paragraph 10, Defendant shall periodically certify to the Commission that the annual training described in Paragraph 6 has been completed and shall provide the Commission a written record identifying those who have completed the training.

8.     Defendant will conduct the first training program for Store No. 1289 in person. Defendant will video-record the training session for prompt presentation to current Store 1289 employees who are unable to attend in person. Each employee attending in-person training must acknowledge attendance of the training in writing, indicating their printed name, signature, and date of attendance.

9.     Beginning within 30 days after the entry of this Consent Decree by the Court, and continuing for a one-year period, Defendant shall conspicuously post the written notice ("the Notice") contained and attached as Exhibit C where it is visible to employees in Defendant's Portal, Georgia store. If the Notice described becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within 45 days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice is posted pursuant to this provision.

10.    During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. Such reports will include: (a) the name and position of any individual in Defendant's Covered Facilities who complained during the reporting period to Defendant, through its Employee Response Center, that he or she was not hired or offered

employment because of a disability; (b) the name and position of the person(s) who allegedly engaged in the discriminatory behavior; (c) the dates of the alleged discrimination and of the complaint; (d) the location where the alleged discrimination took place; (e) a description of the alleged discrimination; and (g) any remedial measures taken by Defendant.  In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.  In addition, the first and third reports shall include: (i) a certification that the training described in Paragraphs 6 and 7 was undertaken; (ii) shall provide the Commission a written record identifying those who have completed the training during the reporting period; and (iii) a certification that the Notice required to be posted pursuant to Paragraph 9 of this Decree remained posted during the entire period required.

11. The Commission may review compliance with this Consent Decree by requesting such information from Defendant's counsel as is reasonably necessary to assess compliance.  If the Commission believes it necessary to inspect any of Defendant's Covered Facilities, interview employees, or examine and copy documents to assess compliance, it shall first give seventy-two hours' notice to Defendant's counsel.  To the extent any interviews of employees are necessary, such interviews shall be done by phone where possible and Defendant shall have the right to have in-house counsel present and participate in interviews.  The Commission and Defendant shall work cooperatively to determine the information needed to confirm compliance.

12. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have 14 days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of 30 days or such additional period as

may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission seeks enforcement of the Decree.

13. If this Court finds any provision of this Decree unlawful or unenforceable, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent via first class and electronic mail to:

> Melanie Kennedy Cook
> Vice President and Assistant General Counsel
> Dollar General Corporation
> 100 Mission Ridge
> Goodlettsville TN 37072
> E-mail: mecook@dollargeneral.com

> With copy to:

> Stanley E. Graham
> Waller Lansden Dortch & Davis, LLP
> 511 Union Street, Suite 2700
> Nashville TN 37219
> E-mail: stan.graham@wallerlaw.com

If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fifteen (15) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal

6

Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

17. The Commission and Defendant shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Submitted for Entry By:

| | |
|---|---|
| **FOR PLAINTIFF** <br> **U.S. EQUAL EMPLOYMENT** <br> **OPPORTUNITY COMMISSION** | **FOR DEFENDANT** <br> **DOLGENCORP, LLC D/B/A** <br> **DOLLAR GENERAL** |

FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/Keyana Laws
Keyana Laws
Senior Trial Attorney
EEOC - Atlanta District Office
100 Alabama St. S.W, Suite 4R30
Atlanta, Georgia 30303
Telephone:    (404) 562-6823
Facsimile:    (404) 562-6905
keyana.laws@eeoc.gov

Robyn Flegal
Trial Attorney
EEOC - Atlanta District Office
100 Alabama St. S.W, Suite 4R30
Atlanta, Georgia 30303
Telephone:    (404) 562-6882
Facsimile:    (404) 562-6905
robyn.flegal@eeoc.gov

Attorneys for Plaintiff

FOR DEFENDANT
DOLGENCORP, LLC D/B/A
DOLLAR GENERAL

s/Stanley E. Graham
Stanley E. Graham
John E. B. Gerth (admitted pro hac vice)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219
(615) 244-6380 (Telephone)
(615) 244-6804 (Facsimile)
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com

Attorneys for Defendant

Signed and entered this _____ day of _____, 2019.


                                                                            _____
                                                                      J. Randall Hall, Chief Judge
                      U.S. District Court for the Southern District of Georgia